IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEEM ALBERT WALKER-BORDEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-05295-JDW |
| : | |
| CURRAN-FROMHOLD : | |
| CORRECTIONAL FACILITY, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

Alleem Albert Walker-Borden, a pretrial detainee incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights. He asserts clams against CFCF, the Commonwealth of Pennsylvania, CFCF Warden Robert Rose and CFCF Deputy Warden Karen Butler. I will grant Mr. Walker-Borden leave to proceed *in forma pauperis*, dismiss his claims against CFCF and the Commonwealth with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim. I will give him leave to file a second amended complaint.

I.     **FACTUAL ALLEGATIONS**

When Mr. Walker-Borden arrived at CFCF, he was housed on Unit A1-3. While there, he was denied toilet paper for several days and was not permitted to shower for six days. As a result, he developed a rash on his private parts, which required treatment with anti-itch cream. His cell was flooded for three to four days, and he was not

provided with any means of drying the water. He slipped on the water when he got up in the night and fell, injuring his elbow and lower back. Nearby correctional officers ignored his request for a stretcher. He did get an x-ray of his elbow and received Naproxen for the pain. He experienced difficulty breathing as a result of black mold that developed in his cell. As a result of the condition on Unit A1-3, he experienced depression and emotional distress, in addition to the physical injuries he describes, and he required prescription medication to treat his symptoms.

Mr. Walker-Borden has not been able to exchange his prison-issued clothing since he has been housed at CFCF, and he has only one set. In addition, his sheets were not washed while he was housed on Unit A1-3, and he did not receive materials with which to clean his cell. On many occasions, he did not receive enough to eat and, as a result, lost weight. He has only been able to use the prison law library once since his arrival at CFCF, not weekly. Mr. Walker-Borden has not been provided with eight hours of outdoor recreation daily; instead, he only gets four hours in the morning and an additional hour in the evening. As a result, he has experienced anxiety and depression and difficulty sleeping.

Mr. Walker-Borden claims that he suffered as a result of the negligence of the CFCF staff, and that higher officials did not resolve any of the issues he describes. He asserts claims for violations of his constitutional rights.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.     DISCUSSION

### A.     *In Forma Pauperis*

Mr. Walker-Borden has filled out the required forms and supplied his prison trust fund statement, all of which establish that he lacks the income and assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*. But,

because he's a prisoner, he will still have to pay the fees over time, regardless of what happens with this case. *See* 28 U.S.C. § 1915A(b).

### B. Plausibility Of Claims

Mr. Walker-Borden asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode, v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

#### 1. Claims against CFCF

I will dismiss the Section 1983 claim against CFCF with prejudice because a prison is not a "person" under Section 1983. *See Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).

#### 2. Claims against the Commonwealth

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Also, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The

Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Therefore, I will dimiss the claims for money damages against the Commonwealth.

### 3. Claims against Warden Rose and Deputy Warden Butler

Mr. Walker-Borden does not include any factual allegations describing how either Warden Rose or Deputy Warden Butler was personally involved in conduct that violated his constitutional rights. For this reason, his claims against them are not plausible. *See Rode*, 845 F.2d at 1207.

To the extent that Mr. Walker-Borden included Warden Rose and Deputy Warden Butler as defendants based on their high-level positions at CFCF, an official does not face liability "simply because of his position as the head of the [agency]." *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005). Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quote omitted). "Second, a supervisor may be personally liable under § 1983 if he or

she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227.

Mr. Walker-Borden does not include any factual allegations describing Warden Rose's or Deputy Warden Butler's conduct or either of their involvement in the events giving rise to the alleged violations of his constitutional rights. He therefore has not stated any plausible claim against them in their supervisory capacity. I will therefore dismiss those claims and give him leave to file an amended complaint.

## IV.     CONCLUSION

I will grant Mr. Walker-Borden leave to proceed *in forma pauperis*. I will dismiss his his claims against CFCF and the Commonwealth with prejudice and the remainder of his Complaint without prejudice. I will give Mr. Walker-Borden leave to file an amended complaint that complies with this decision. The instructions for doing so are in the accompanying Order.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 31, 2025