IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEEM ALBERT WALKER BORDEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-5295-JDW |
| : | |
| CURRAN FROMHOLD : | |
| CORRECTIONAL FACILITY, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

Alleem Albert Walker-Borden, a convicted prisoner housed at the Curran-Fromhold Correctional Facility ("CFCF"), has filed an Amended Complaint that I must screen pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). I will dismiss his claim under HIPAA with prejudice, his constitutional claims without prejudice, and his state law claims for lack of subject matter jurisdiction. I will give Mr. Walker-Borden one more chance to make out a viable claim by filing a second amended complaint.

## I.  BACKGROUND

Mr. Walker-Borden alleges that, while housed at CFCF, he "[w]ent 6 days without shower & phone call," he was "[d]enied cleaning my cell for months," and he was "[d]enied stretcher call." (ECF No. 12 at § IV.D.) He does not allege when these events occurred, who was involved, or what the surrounding circumstances were. He asserts that he suffered a bruised and sprained elbow, back pain, and a neck sprain. Mr. Walker-Borden names as defendants Lieutenant Radke, Correctional Officers Samba and Garcia, and Captain

Hamilton.[1] In the AC, each Defendant's name is followed by the designation "A-1-3" and the Court infers that the Defendants were assigned to Unit A-1-3 while Mr. Walker-Borden was housed there. He asserts Eighth Amendment claims, and state law claims for negligence and infliction of emotional distress. He also asserts a claim under HIPAA.

Mr. Walker-Borden began this case with a complaint on September 30, 2024. The gravamen of Mr. Walker-Borden's original Complaint was that the conditions of confinement upon his arrival at CFCF and placement on Unit A-1-3 violated his constitutional rights. *Walker-Borden v. Curran-Fromhold Corr. Fac.*, No. 24-5295, 2025 WL 9683111, at *1 (E.D. Pa. Mar. 31, 2025). He asserted claims against CFCF, the Commonwealth of Pennsylvania, CFCF Warden Robert Rose, and CFCF Deputy Warden Karen Butler. *Id.* Upon statutory screening, I dismissed Mr. Walker-Borden's claims against CFCF and the Commonwealth with prejudice and dismissed the remainder of his Complaint without prejudice. *Id.* at *3. I explained that the claims against Warden Rose and Deputy Warden Butler were not plausible because he did not include factual allegations describing any conduct engaged in by these Defendants, including allegations describing their involvement in the events giving rise to his claims. *Id.* at *2. Mr. Walker-Borden was granted leave to file an amended complaint. *Id.* at *3. The AC is ripe for screening.

---

[1] Mr. Walker-Borden did not amend his claims against Rose and Butler, and they are not named as Defendants in the AC. (*See* AC.) I will therefore dismiss the claims against these Defendants with prejudice. *See Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir.2019).

## II. STANDARD OF REVIEW

I already granted Mr. Walker-Borden leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(ii) requires me to dismiss the AC if it fails to state a claim. That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. HIPAA

There is no private right of action under HIPAA. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citations omitted). I will therefore dismiss Mr. Walker-Borden's HIPAA claim with prejudice. That means Mr. Borden may not assert it again in an amended pleading.

B.  **Constitutional Claims**

Mr. Walker-Borden asserts deliberate indifference and cruel and unusual punishment claims.[2] The vehicle to bring federal constitutional claims in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

1.  **Conditions of confinement**

Though Mr. Walker-Borden asserts his claims pursuant to the Eighth Amendment, in his AC he checked a box indicating that at the time of the events giving rise to his claims, he was a pretrial detainee. Thus, to the extent he asserts claims about his conditions of confinement, the Due Process Clause of the Fourteenth Amendment provides the basis for those claims. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective

---

[2] Mr. Walker-Borden also wrote the words "starvation" and "oppression" in his AC, (*see* AC at 5), and the Court understands these to fall within Mr. Walker-Borden's conditions of confinement claims.

4

components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (abrogated on other grounds recognized by *Fisher*, 115 F.4th 197) (quoting *Stevenson*, 495 F.3d at 68). Courts should consider the totality of the circumstances in evaluating such a claim. *Id.* Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts must keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials … ." *Stevenson*, 495 F.3d at 68 n.3.

The denial of showers, without more harm, does not constitute the type of serious deprivation that violates the constitution. *See, e.g., Fortune v. Hamberger*, 379 Fed. App'x 116, 122 (3d Cir. 2010); *Barndt v. Wenerowicz*, No. 15-2729, 2016 WL 6612441, at *4 (E.D.

Pa. Nov. 8, 2016), *aff'd*, 698 F. App'x 673 (3d Cir. 2017). Thus, to the extent Mr. Walker-Borden's claim is based on the denial of access to a shower for six days, it is not plausible.

I construe Mr. Walker-Borden's complaint about a lack of cleaning materials for his cell as a claim about the conditions of his cell. "Unsanitary conditions can support a cognizable § 1983 conditions of confinement claim." *Hainey v. Carney*, No. 22-1387, 2022 WL 1308510, at *4 and *8 (E.D. Pa. May 2, 2022). But Mr. Walker-Borden has not described the conditions that gave rise to his need for cleaning supplies, whether the conditions caused him harm, or why he was denied cleaning supplies. His claims, as pled, are undeveloped and not plausible.

Mr. Walker-Borden's conditions of confinement claims are also not plausible as pled because he does not identify who made the decision to deny him showers or cleaning materials and does not describe the circumstances giving rise to the denials. Additionally, because Mr. Walker-Borden does not attribute any of the denials described in the AC to any of the Defendants, the AC fails to provide fair notice of the grounds upon which his claims against each Defendant rest. I will therefore dismiss those claims without prejudice, and I'll grant him leave to file one more amended complaint to "flesh out his allegations by … explaining in [the second] amended complaint the 'who, what, where, when and why' of his claim." *Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022).

**2.    Deliberate indifference**

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious … if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). A plaintiff properly alleges deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can

---

[3] As it appears that Mr. Walker-Borden was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*).

be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Mr. Walker-Borden alleges that he was denied a stretcher call. He does not allege why he needed a stretcher or attribute this denial to any of the named Defendants. The claim needs more detail to be plausible. I will give Mr. Walker-Borden one more opportunity to plead the requisite detail.

### 3. First Amendment

"Prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (*per curiam*). "Rather, a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)); *Randall v. Cnty. of Berks, Pennsylvania*, No. 14-5091, 2015 WL 5027542, at *17 (E.D. Pa. Aug. 24, 2015) (explaining that "[a] pretrial detainee's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution" (internal quotations omitted)).

Mr. Walker-Borden does not allege why he was denied access to the phone and does not allege that there were no other means of communicating during the period that the phone was unavailable. In addition, he again does not identify which of the named

Defendants denied him access to the telephone. The claim needs more detail to be plausible. I will give Mr. Walker-Borden one more opportunity to plead the requisite detail.

### C.     State Law Claims

Because I am dismissing Mr. Walker-Borden's federal claims, I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. And it does not appear that there is an independent basis for me to assert jurisdiction over those claims. Therefore, I will dismiss those claims for lack of subject matter jurisdiction. Mr. Walker-Borden will be granted leave to amend these claims.

## IV.     CONCLUSION

I will dismiss Mr. Walker-Borden's constitutional claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his state law claims without prejudice for lack of subject matter jurisdiction. I will grant Mr. Walker-Borden leave to file a second amended complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 31, 2025