IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLEEM ALBERT WALKER-BORDEN,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-05295-JDW |
| : | |
| **CURRAN FROMHOLD** : | |
| **CORRECTIONAL FACILITY,** *et al.*, : | |
| Defendants. : | |

### ORDER

AND NOW, this 31st day of July, 2025, upon consideration of Plaintiff Alleem Albert Walker-Borden's *pro se* Amended Complaint (ECF No. 12), for the reasons stated in the accompanying Memorandum, it is **ORDERED** as follows:

1. Mr. Walker-Borden's claims against Warden Robert Rose and Deputy Warden Karen Butler are **DISMISSED WITH PREJUDICE**, and the Clerk Of Court shall **TERMINATE** Warden Rose and Deputy Warden Butler as Defendants;

2. Mr. Walker-Borden's federal claims are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

    a. Mr. Walker-Borden's claim under the Health Insurance Portability and Accountability Act are **DISMISSED WITH PREJUDICE**; and

    b. Mr. Walker-Borden's constitutional claims are **DISMISSED WITHOUT PREJUDICE**; and

3. Mr. Walker-Borden's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is **FURTHER ORDERED** that Mr. Walker-Borden may file a second amended complaint on or before August 29, 2025. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mr. Walker-Borden's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Mr. Walker-Borden should be mindful of my reasons for dismissing the claims in his Amended Complaint as explained in the accompanying Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service I so direct.

The Clerk of Court shall send Mr. Walker-Borden a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Walker-Borden may use this form to file his second amended complaint if he chooses to do so.

If Mr. Walker-Borden does not want to amend his complaint but instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court on or before August 29, 2025, stating that intent, at which time I will issue a final order

dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.

If Mr. Walker-Borden fails to file any response to this Order, I will conclude that he intends to stand on his Amended Complaint and will issue a final order dismissing this case.

It is **FURTHER ORDERED** that Mr. Walker-Borden's Motion To Appoint Counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE** because it is premature for me to consider appointing counsel until Mr. Walker-Borden demonstrates that he has asserted a plausible claim that could survive a motion to dismiss.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**